**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ANDERSON DIVISION**

| | | |
|---|---|---|
| **Dennis Da'Quan Bowers,** | ) | **Civil Action No.:**  8:24-cv-01130-JDA |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **COMPLAINT** |
| | ) | |
| **Experian Information Solutions, Inc.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## COMPLAINT

1.    This is an action brought by Plaintiff, Dennis Da'Quan Bowers, for actual, statutory and punitive damages, attorneys' fees, and costs for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq, (hereinafter "FCRA").

2.    The FCRA exists to protect consumers' privacy and to impose upon those who trade in consumers' private information strict requirements to ensure that the information they report is as accurate as possible.

3.    The FCRA likewise demands that consumers' disputes of inaccurate information be taken seriously by the consumer reporting agencies, requiring that they do much more than simply pass information between themselves and furnishers of information electronically without actually investigating the substance of a consumer's dispute and consider all information available in conducting such investigations.

4.    Before the enactment of the FCRA, inaccurate and misleading information was identified as "the most serious problem in the credit reporting industry." 115 Cong. Rec.

1

2411 (Jan. 31, 1969). With this problem in mind, Congress enacted the FCRA "to prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report." S. Rep. No. 91-517 (1969).

5.     To accomplish Congress' goals, the FCRA contains a variety of requirements to protect consumers, including §§ 1681c and 1681e, which are two of the cornerstone provisions of the FCRA.

6.     One of the primary purposes of the FCRA is to assure "maximum possible accuracy" of consumer information is to ensure the stability of our banking system:

> The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

*See* 15 U.S.C. § 1681(a)(1).

## JURISDICTION AND VENUE

7.     This Court has Jurisdiction under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681p, and 28 U.S.C. §1331.

8.     Venue is proper in the Anderson Division because the Plaintiff resides in Oconee County and the Defendant transacts business in this division.

## PARTIES

9.     Plaintiff, Dennis Da'Quan Bowers, is a resident and citizen of the State of South Carolina, Oconee County, and is over the age of twenty-one (21) years.  Plaintiff is a consumer as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

10.    Defendant Experian Information Solutions, Inc., ("Experian") is an Ohio company registered to do business in South Carolina with the South Carolina Secretary of State. Defendant may be served with process through its registered agent for service of process, C T Corporation System, 2 Office Park Court, Suite 103, Columbia, South Carolina 29223. At all times and in all respects relevant herein, Defendant was doing business in the state of South Carolina and in this division.

11.    Defendant Experian is a credit reporting agency ("CRA") as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a.  Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

12.    Defendant disburses such consumer reports to third parties under contract for monetary compensation.

13.    Defendant's acts and omissions alleged herein are in violation of the Fair Credit Reporting Act which requires Defendant to provide a consumer with a complete copy of their credit file upon request, to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff's credit file, and which requires Defendant to conduct a reasonable reinvestigation of disputed information received from the Plaintiff.

14.    The Plaintiff alleges that Defendant repeatedly failed to provide him with a complete copy of his credit file after numerous requests; failed to delete and suppress erroneous, false, misleading, or inaccurate information from the Plaintiff's Experian credit file; and failed to reinvestigate Plaintiff's disputes.  Defendant also repeatedly disseminated

3

Plaintiff's inaccurate credit file to third parties, causing Plaintiff to suffer damages as set forth herein.

## FACTUAL ALLEGATIONS

15.     In April 2023, Plaintiff applied with several different lenders in an effort to obtain a loan to purchase a new car as his vehicle lease was expiring.  On April 16, 2023, Plaintiff's application for a loan was denied by Civic Federal Credit Union.  Between April 17th and 18th, 700/Classic Ford, Ally Financial, Grow Financial FCU, Lincoln Automotive Finan, and Capital One Auto Finance all did hard inquiries of Plaintiff's Experian credit report.  Eventually, Plaintiff was approved to borrow $52,000, but was forced to pay a higher interest rate due to the errors on his credit report.

16.     Prior to these loan denials, Plaintiff was unaware that there was inaccurate information reporting on his Experian credit file.

17.     On or about July 12, 2023, Plaintiff requested a copy of his Experian credit report through annualcreditreport.com.  Upon receipt of his Experian credit report, Plaintiff discovered that there was an account reporting inaccurately.

18.     On or about July 17, 2023, Plaintiff sent a dispute letter to Defendant disputing Capstar Bank, account ending 0100, as reporting an incorrect balance and incorrect date of first delinquency, and reporting at all as Capstar Bank had previously agreed to remove the account.

19.     Defendant received Plaintiff's first dispute on July 21, 2023.

20.     Defendant never responded to Plaintiff's first dispute.  Accordingly, on or about October 10, 2023, Plaintiff sent a second written dispute letter to Defendant.  In this second

4

dispute, Plaintiff again disputed the Capstar Bank account as reporting an incorrect balance due and an incorrect date of first delinquency. Plaintiff also informed Defendant that Capstar Bank had agreed to delete the account due to the inaccuracies. Finally, Plaintiff requested a complete copy of his Experian credit report.

21. Defendant received Plaintiff's second dispute on October 13, 2023.

22. Defendant never responded to Plaintiff's second dispute. Accordingly, on or about November 22, 2023, Plaintiff sent a third written dispute letter to Defendant. In this letter, Plaintiff informed Defendant that he needed Defendant to investigate his disputes because the inaccurate reporting of the Capstar Bank account was greatly impacting his ability to obtain credit. Plaintiff also specifically disputed the balance being reported by Capstar Bank as inaccurate. Finally, Plaintiff requested that Defendant send him a full copy of his Experian credit report.

23. For some reason Plaintiff's third dispute was returned and Plaintiff sent another copy of his third dispute letter to Defendant on January 10, 2024.

24. Defendant received Plaintiff's third dispute on or about January 22, 2024.

25. Following receipt of Plaintiff's third dispute, Defendant again did absolutely nothing. Defendant never responded to Plaintiff's letter. Defendant did not investigate Plaintiff's dispute.

26. To date, Defendant has never responded to any of Plaintiff's three disputes. Defendant continues to incorrectly report the Capstar Bank account with an inaccurate balance due.

27. Defendant repeatedly failed to provide Plaintiff with a complete copy of his credit file after he requested same.

28. Defendant repeatedly failed to make a reasonable investigation into Plaintiff's disputes.

29. Defendant's knowing and repeated conduct warrants an award of punitive damages. *See, e.g., Younger v. Experian Info. Sols. Inc.,* Case No. 2:15-cv-00952-SGC, at *30 (N.D. Ala. Mar. 21, 2019) (awarding punitive damages for repeated, willful violations of the FCRA).

## <u>COUNT ONE</u>
(Fair Credit Reporting Act)

30. The Plaintiff adopts the averments and allegations of paragraphs 15 through 29 hereinbefore as if fully set forth herein.

31. Defendant maintains and distributes credit data files on the Plaintiff's credit. Defendant negligently failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to:  (a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b); and (b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

32. Defendant negligently and repeatedly failed to delete and suppress erroneous, false, misleading, and/or inaccurate information from the Plaintiff's credit file.

33.  As a result of Defendant's negligent violations of the FCRA, the Plaintiff suffered, continues to suffer, and will suffer future damages, including, but not limited to, damage

to Plaintiff's credit score and credit reputation, denial of credit, loss of credit opportunities, anxiety, worry, fear, chronic loss of sleep, family discord, anger, frustration, physical pain and sickness, and mental anguish.  Additionally, Defendant's refusal to correct Plaintiff's credit and the ongoing damage to Plaintiff's credit score has precluded him from seeking additional credit. Plaintiff is entitled to actual damages in an amount to be determined by the jury.

34.     In addition, the Plaintiff has incurred litigation expenses and attorneys' fees which, but for the acts and omissions of Defendant alleged herein, would not have been necessary.

35.     Plaintiff is entitled to his attorneys' fees, pursuant to 15 U.S.C. §1681n(a).

## COUNT TWO
(Fair Credit Reporting Act)

36.     The Plaintiff adopts the averments and allegations of paragraphs 15 through 35 hereinbefore as if fully set forth herein.

37.     Defendant willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to:  (a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b); and (b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

38.     Defendant repeatedly willfully failed to delete and suppress erroneous, false, misleading, and/or inaccurate information from the Plaintiff's credit file.

39.     Due to Defendant's willful failure to comply with the requirements of the Fair Credit Reporting Act, the Plaintiff is entitled to statutory damages.

40.     As a result of Defendant's willful violations of the FCRA, the Plaintiff suffered, continues to suffer, and will suffer future damages, including, but not limited to, damage to Plaintiff's credit score and credit reputation, loss of credit opportunities, anxiety, worry, fear, chronic loss of sleep, family discord, anger, frustration, physical pain and sickness, and mental anguish.  Additionally, Defendant's refusal to correct Plaintiff's credit and the ongoing damage to Plaintiff's credit score has precluded him from seeking credit. Plaintiff is entitled to actual damages in an amount to be determined by the jury.

41.     In addition, the Plaintiff has incurred litigation expenses, and attorneys' fees which, but for the acts and omissions of Defendant alleged herein, would not have been necessary.

42.     Further, Defendant's acts and omissions were willful and demonstrate a reckless disregard for the Plaintiff's rights.  Therefore, Defendant is liable to the Plaintiff for punitive damages in an amount to be determined by the jury.

43.     Plaintiff is entitled to his attorneys' fees, pursuant to 15 U.S.C. §1681o(a)(2).

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against Defendant for the following:

A.     Actual and statutory damages from Defendant pursuant to 15 U.S.C. §1681n(a)(1)(A) and/or 15 U.S.C. §1681o(a)(1);

B.     Punitive damages from Defendant pursuant to 15 U.S.C. §1681n(a)(2);

C.     Costs and reasonable attorney's fees from Defendant pursuant to 15 U.S.C. §1681n(a)(3) and/or 15 U.S.C. §1681o(a)(2); and

D.     For such other and further relief as the Court may deem just and proper

8

/s/ Penny Hays Cauley
Penny Hays Cauley, Fed.  ID No.  10323
**HAYS CAULEY, P.C.**
1303 West Evans Street
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com
Attorney for Plaintiff

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

/s/ Penny Hays Cauley
Of Counsel

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL**
Experian Information Solutions, Inc.
c/o C T Corporation System
2 Office Park Court, Suite 103
Columbia, South Carolina 29223